IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL M. JOHNSON,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONAL CONSOLIDATION** | : | |
| **SERVICES, LLC, et al.,** | : | NO. 12-5083 |
| Defendants. | : | |

### MEMORANDUM

PRATTER, J.                                                                                    FEBRUARY 21, 2013

Russell Johnson commenced this action in the Philadelphia County Court of Common Pleas against National Consolidation Services, LLC and Walgreen's Distribution Center, Inc., Walgreen Eastern Company, Inc., Walgreen National Corporation, and Walgreen Company (collectively, "Walgreens"). Notwithstanding its removal to federal court, the Court previously remanded this case because Walgreens failed to offer any evidence that Walgreen's Distribution Center, Inc. was not a corporation domiciled in the Commonwealth of Pennsylvania, thus calling into question the diversity of the parties. Walgreens subsequently filed a second notice of removal, prompting Mr. Johnson to file a second motion to remand. For the reasons that follow, the Court grants the motion.

### BACKGROUND

Mr. Johnson alleges that he resides in Pennsylvania, that Defendant National Consolidation Services was responsible for freight consolidation at Walgreens distribution centers, and that Walgreen's Distribution Center, Inc., one of the Walgreens Defendants, is a Pennsylvania corporation with a principal business address in Bethlehem. Mr. Johnson further

1

alleges that he was employed as a delivery driver for CPC Logistics, Inc., and that the Defendants hired his company to deliver goods to Walgreens stores.  It seems that on February 5, 2010, the Defendants loaded materials onto a truck that Mr. Johnson drove to a Walgreens store.  Upon arriving at the store, Mr. Johnson began to unload the truck, at which point the materials allegedly fell on him because, he claims, they were negligently loaded.  Mr. Johnson has brought a negligence claim against all the Defendants.

In its first notice of removal, Walgreens asserted that "Defendant Walgreen's Distribution Center, Inc. does not exist as a corporate entity.  Walgreen's Distribution Center is a physical facility located in Bethlehem, Pennsylvania that is owned and operated by Walgreen Eastern Co. Inc."  Notice of Removal at ¶ 7, *Johnson v. Nat'l Consolidation Servs., LLC*, No. 12-3185 (E.D. Pa. June 5, 2012) (Docket No. 1).  Likewise, in its response to Mr. Johnson's initial motion to remand, although Walgreens asserted that Walgreens Distribution Center, Inc. is not a corporate entity, it did not support this claim through an affidavit or other evidence.  *See* Docket No. 13 at 7-8.  The Court subsequently granted Mr. Johnson's motion to remand because Walgreens failed to meet its burden of establishing the existence of complete diversity between the parties.  *See* Docket No. 15 at 1-2.

On September 5, 2012, more than 120 days after it was served with Mr. Johnson's complaint, Walgreens filed a second notice of removal and attached an affidavit from Mary Jen Fisher, a corporate legal assistant for Walgreen Company, stating that no corporate entity called Walgreen Distribution Center, Inc. exists.  Hence, with there being no Pennsylvania corporate citizen there would indeed be diversity.  Therefore, based on Ms. Fisher's declaration, Walgreens argues that there is complete diversity, and that the Court should deny the pending motion to remand.

**LEGAL STANDARD**

Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

Removal must take place "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Generally, all defendants in a case must timely consent to removal in order to remove an action to federal court. *Balazik v. Cnty. of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995).

**DISCUSSION**

**A.     Timeliness of Removal Under § 1446(b)(1).**

The federal removal statute generally requires a defendant to file a notice of removal within 30 days of receiving a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). In this case, well more than 30 days separate the service of Mr. Johnson's complaint and the filing of Walgreens' second notice of removal. Although Walgreens briefly argues that the Court should

exercise its equitable powers to permit an untimely removal, at least one court within this district has held that the "30-day [removal] limitation is mandatory and cannot be extended by the court." *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F. Supp. 528, 529 (E.D. Pa. 1982) (Shapiro, J.). Even assuming *arguendo* that the Court could waive the 30-day requirement, nothing in equity favors such a step here. The Third Circuit Court of Appeals has long established that a removing party has the burden of establishing that jurisdiction exists. *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Neither malfeasance by Mr. Johnson nor an unforeseen circumstance prevented Walgreens from timely meeting its burden here. Indeed, it is quite clear that Walgreens had the wherewithal to supply the requisite information and to do so efficiently and economically. Instead, Walgreens simply neglected to provide evidence in support of its bald assertion about the corporate status of Walgreen's Distribution Center. To allow Walgreens a second bite at the apple would both ignore the plain language of § 1446(b)(1) and undermine its "goal [of ensuring] early resolution of the court system in which the case will be heard." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3731 at 479-85 (4th ed. 2009). Therefore, the Court will not permit Walgreens to remove the case on this basis.

### B. Timeliness of Removal Under § 1446(b)(3).

Walgreens alternatively argues that its second notice of removal is timely under § 1446(b)(3), which permits removal "within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is . . . removable." 28 U.S.C. § 1446(b)(3) (emphasis supplied). Walgreens contends, rather disingenuously one might add, that Ms. Fisher's affidavit constitutes "other paper" and that it timely removed the case within 30 days of procuring her affidavit. However,

4

this argument contravenes the plain language of the removal statute. Ms. Fisher's affidavit is not a document "from which it may first be ascertained" that the case was removable. *Id.* Instead, the affidavit is a document "procured" from Walgreens itself that purports to establish what Walgreens has claimed throughout this dispute: that Walgreen's Distribution Center is not a Pennsylvania corporation.

Section 1446(b)(3) does not "revive the period for removal" simply because some "other paper is interposed that shows a ground for removal that previously was palpable but was not invoked by the defendant." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3731 at 562 (4th ed. 2009). For instance, in *LaCaffinie v. Standard Fire Ins. Co.*, No. 10-207, 2010 U.S. Dist. LEXIS 53151 (W.D. Pa. May 28, 2010), the defendant was sued in a class action and received an interrogatory asking it to calculate the number of insurance policies held by putative class members. *Id.* at *5-6. The defendant filed a second notice of removal within 30 days of answering this interrogatory on the grounds that its response was "other paper" that revealed the existence of federal jurisdiction under the Class Action Fairness Act. *See id.* The *LaCaffinie* court rejected this argument and remanded the case because "[t]he information from which defendant determined the total number of policies and roughly calculated the total amount in controversy was in its possession at the time the complaint was filed[.]" *Id.* at *10. Here too, Walgreens obviously had access to relevant information about the status and citizenship of Walgreen's Distribution Center at the time Mr. Johnson filed his complaint and thereafter. Therefore, Walgreens cannot rely on § 1446(b)(3), and its second notice of removal is untimely under this statutory provision.

C.      **Permissibility of a Second Notice of Removal.**

Finally, the Court notes that Third Circuit case law may not permit Walgreens to even file a successive notice of removal. Under the removal statute, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). This provision "does not categorically prohibit the filing of a second removal petition following remand," *Brown v. JEVIC*, 575 F.3d 322, 328 (3d Cir. 2009), and a defendant may "seek re-removal based on grounds different than the first removal," *Doe v. Am. Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993).

Here, Walgreens does not seek to remove this case based on grounds different than those presented in its first notice of removal. Instead, Walgreens endeavors to bolster the same argument it made in its prior attempt at removal. Such a situation is analogous to *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992). In that case, the defendant sought to remove a negligence claim based on diversity of citizenship and stated in its notice of removal that it had "a principal place of business in Cleveland." *Id.* at 1080. The district court remanded the case because the defendant stated that it had "*a* principal place of business" in Ohio, instead of averring that "*its* principal place of business" was in Ohio. *Id.* The court subsequently mailed the order of remand to state court, and then denied the defendant's motion to file an amended notice of removal which stated that the defendant's principal place of business was in Cleveland. *See id.* at 1080-81.

On appeal, the Third Circuit Court of Appeals affirmed the denial of leave to file an amended notice of removal because the district court divested itself of jurisdiction when it mailed the remand order to state court. *See id.* at 1082. However, the court also noted that allowing the defendant a second attempt at removal based on the same argument would undercut

6

"[t]he purpose of section 1447(d)," which exists to "prevent delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues of exactly the type involved here." *Id.* Such reasoning applies equally to this case, in which Walgreens seeks to re-remove Mr. Johnson's claim by presenting the same argument that it set forth in its first notice of removal. The Court thus anticipates that the Third Circuit Court of Appeals would disallow Walgreens' successive notice of removal based on § 1447(d) and *Hunt*. However, even if Walgreens could permissibly seek to re-remove this case, its attempt to do so is untimely under § 1446(b) for the reasons discussed above.

**CONCLUSION**

For the foregoing reasons, Walgreens has filed an ineffective and untimely second notice of removal, and the Court will grant Mr. Johnson's Motion to Remand. An appropriate Order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
United States District Judge